UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL R. McNEAL, and wife, ) | |
| DEBRA K. McNEAL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.: 3:14-CV-367-PLR-CCS |
| ) | |
| WELLS FARGO BANK, N.A., and ) | |
| SHELLIE KEMP, ) | |
| ) | |
| Defendants.. ) | |

## **MEMORANDUM OPINION**

The McNeals filed this action on June 18, 2014, in the Circuit Court for Sevier County, Tennessee, and the action was timely removed to this court by Wells Fargo on August 1, 2014 [R. 1]. Wells Fargo filed a motion to dismiss or to transfer venue on August 7, 2014 [R. 3]. The McNeals have responded that their action is timely filed under the Tennessee Savings Statute, and that venue is proper in the Eastern District of Tennessee [R. 11]. Because neither of the Tennessee Savings Statutes are applicable to save the McNeals' claims from being time-barred, Wells Fargo's motion to dismiss will be granted, and this action will be dismissed.

## I. Factual Background

On May 1, 2009, Wells Fargo filed a complaint for breach of contract and unjust enrichment against the McNeals in the Superior Court for Maricopa County, Arizona, based on the McNeals' failure to make payments on a home-equity-line-of-credit (HELOC) related to property located at 1913 Creek Overlook Way, Sevierville, Tennessee. The McNeals removed the Arizona state court action to the District Court for Arizona, and then filed a motion for change of venue to the Eastern District of Tennessee, which motion was granted. Three years later, on September 27, 2012, following a show cause order from the court, the McNeals answered the complaint and admitted that they defaulted on the HELOC; they did not raise any affirmative defenses, but filed a counter-complaint against Wells Fargo raising allegations of fraud in the origination of the HELOC in conjunction with an investment scam. On April 24, 2013, Wells Fargo filed a motion to dismiss, or in the alternative, motion to change venue, asserting that the McNeals had improperly removed the original action to federal court, and that the federal court lacked subject matter jurisdiction. The McNeals conceded that the removal was defective, thus defeating the federal court's jurisdiction. On June 18, 2013, this court remanded the action, including the McNeals' counter-complaint, to the Arizona state court. By order dated December 31, 2013, the Superior Court for Maricopa County, Arizona, dismissed the action (including the counter-complaint) for failure to prosecute.

The McNeals commenced the present action on June 18, 2014, in the Circuit Court for Sevier County, Tennessee, reasserting the identical claims advanced in the earlier action. On August 1, 2014, Wells Fargo removed the action to this court. Wells Fargo

moves to dismiss, arguing this action is barred in its entirety by the three year statute of limitation found at Tenn. Code Ann. § 28-3-105. In the alternative, Wells Fargo moves for an order transferring this action to the District Court of Arizona.

## II. Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the plaintiff's claim that would entitle plaintiff to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.) *cert. denied*, 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

3

### III. Statute of Limitation

The Tennessee courts determine the applicable statute of limitation by looking to the gravamen of the complaint. *Whaley v. Perkins,* 197 S.W.3d 665, 670 (Tenn. 2007). The primary criterion to be used by the courts to ascertain the gravamen is the type of damages sought. *Bland v. Smith,* 197 S.W.2d 715, 719 (Tenn. 1955). This criterion is utilized whether the cause of action sounds in tort or contract. *Prescott v. Adams,* 627 S.W.2d 134, 137 (Tenn.Ct.App. 1981). If the suit seeks to recover damages for injuries to the plaintiff's property, the applicable limitation period is three years as found in Tenn. Code Ann. § 28-3-105. *Williams v. Thompson,* 443 S.W.2d 447, 449 (Tenn.Ct.App. 1969) (holding that where the injury claimed is damage to personal or real property, plaintiff's breach of contract claims were governed by the three year statute of limitation). Causes of action contemplated by this statute include fraud, misrepresentation, negligence, conversion, and conspiracy. *Vance v. Schulder,* 547 S.W.2d 927, 931-32 (Tenn. 1977).

Here, the McNeals have advanced claims for damages under theories of fraud, misrepresentation, negligence, breach of fiduciary duties, conversion, and breach of contract, arising from an alleged fraudulent scam involving investment properties. Accordingly, the court finds that the gravamen of the McNeals' Complaint is for damages to property, and the three year statute of limitation in Tenn. Code Ann. § 28-3-105 applies to their claims.

According to their Complaint, the McNeals learned of the fraudulent nature of the investment scam involving Wells Fargo in April 2008. The McNeals filed the instant

4

action on June 18, 2014, more than six years following discovery of their causes of action in April 2008. Therefore, their claims are time-barred unless one of the Tennessee Savings Statutes apply to preserve their claims.

## IV. Tennessee Savings Statutes

Statutes of limitation preserve fairness and justice by preventing undue delay in filing lawsuits and thereby ensuring that evidence is preserved and that fact-finding is not obstructed by the passage of time. *Potts v. Celotex Corp.,* 796 S.W.2d 678, 681-82 (Tenn. 1990). However, the Tennessee General Assembly has recognized that limited relief from the operation of a statute of limitation may be warranted in certain narrowly defined circumstances. One of these circumstances arises when a timely filed complaint is dismissed, voluntarily or involuntarily, "upon any ground not concluding the plaintiff's right of action. Tenn. Code Ann. § 28-1-105(a). The Tennessee General Assembly has also addressed the circumstance where the initial complaint was filed in federal court and later dismissed for lack of jurisdiction. It enacted Tenn. Code Ann. § 28-1-115 to allow plaintiffs who file their initial complaint in federal court to enjoy the same one-year saving period that is available to plaintiffs who file their initial complaint in state court under Tenn. Code Ann. § 28-1-105(a).

Here, after concluding that the court lacked subject matter jurisdiction, United States District Judge Tena Campbell "dismissed the case" and remanded the matter to the Maricopa County Superior Court On June 18, 2013. However, under 28 U.S.C. § 1447(c), the court had no discretion to dismiss rather than remand the action. *See*

5

*Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005) (lack of diversity jurisdiction removed all discretion and required remand, not dismissal); *Brown v. Francis,* 75 F.3d 860, 864-65 (3rd Cir. 1996) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand"); *McIntyre v. Fallahay,* 766 F.2d 1078 (7th Cir. 1985) (remand rather than dismissal of improperly removed case was required); *Armstrong v. Armstrong,* 508 F.2d 348, 350 (1st Cir. 1974) (case should have been remanded to state court rather than dismissed).

Pursuant to the cases cited above, remand of the case was the only appropriate relief available, and the proper course for the district court to follow. Therefore, the court finds that the McNeals' counter-complaint was not "dismissed" by the district court, but remanded to the Arizona state court, where it was subsequently dismissed for lack of prosecution. Because the McNeals' counter-complaint was terminated by the Arizona state court, Tenn. Code Ann. § 28-1-115 is not available to preserve their claims because their counter-complaint was not dismissed by the district court.

Unfortunately for the McNeals, the Tennessee Savings Statute found at Tenn. Code Ann. § 28-1-105 has no application to an action dismissed by another state court. *See Sigler v. Youngblood Truck Lines,* 149 F.Supp. 61 (E.D.Tenn. 1957) (actions in another state court do not toll the Tennessee statutes of limitation); *Reque v. Monteagle Truck Plaza, Inc.,* 1999 WL 722656 (Tenn.Ct.App. 1999) (Tennessee general savings statute does not apply to an action dismissed by courts of another state); *Elias v. A&C*

6

*Distributing Company, Inc.,* 588 S.W.2d 768 (Tenn.Ct.App. 1979) (action filed in another state which was dismissed for lack of jurisdiction did not toll running of Tennessee statute of limitation for the same cause and between the same parties subsequently filed in Tennessee). The court finds that neither Tenn. Code Ann. § 28-1-105 nor § 28-1-115 saves the McNeals' claims, and their claims are time-barred. Accordingly, Wells Fargo's motion to dismiss [R. 3] is **GRANTED**, and this action is dismissed in its entirety.

Enter:

_____
**UNITED STATES DISTRICT JUDGE**